

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-32,805-06

### EX PARTE RAY DANIEL GERHARDT, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. A20941-1810-W2 IN THE 64TH DISTRICT COURT
### FROM HALE COUNTY

*Per curiam.*

### O R D E R

Applicant was convicted of burglary of a habitation and sentenced to 45 years' imprisonment. The Seventh Court of Appeals affirmed his conviction. *Gerhardt v. State,* No. 07-20-00054-CR (Tex. App.—Amarillo, Nov. 10, 2020). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that trial counsel was ineffective for failing to investigate and call witnesses. Specifically, counsel failed to: investigate a conversation that Applicant's brother had with the investigating officer on the day of the offense; investigate evidence that exculpated Applicant's brother; and contact Applicant's brother and a private investigator who interviewed

Applicant and his brother. Applicant contends that, because counsel failed to investigate, Applicant had to testify to explain his presence near the burglarized house, and his brother and the private investigator never testified. Applicant also contends that, when Applicant testified, trial counsel failed to request a limiting instruction concerning Applicant's criminal history. As a result, Applicant avers, he felt compelled to volunteer his criminal history.

The writ record contains no details concerning the extent of defense counsel's investigating and contacting witnesses, or whether or why counsel called Applicant to testify without requesting a limiting instruction concerning extraneous offenses.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's

findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: November 9, 2022
Do not publish